Cite as 27 I&N Dec. 724 (BIA 2019)

Interim Decision #3971

# Matter of Y-I-M-, Applicant

*Decided December 12, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An Immigration Judge may rely on inconsistencies to support an adverse credibility finding as long as either the Immigration Judge, the applicant, or the Department of Homeland Security has identified the discrepancies and the applicant has been given an opportunity to explain them during the hearing.

(2) An Immigration Judge may, but is not required to, personally identify an obvious inconsistency where it is reasonable to assume that the applicant was aware of it and had an opportunity to offer an explanation before the Immigration Judge relied on it.

FOR APPLICANT: Allison N. Grosz, Esquire, Brooklyn, New York

BEFORE: Board Panel: MALPHRUS, Acting Chairman; CREPPY, Board Member; and BAIRD, Temporary Board Member.

BAIRD, Temporary Board Member:

In a decision dated February 11, 2019, an Immigration Judge denied the applicant's applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(b)(1)(A) and 1231(b)(3)(A) (2012), and his request for protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The applicant has appealed from that decision. The applicant's request for oral argument is denied and his appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The applicant is a native and citizen of Ukraine who was admitted to the United States on October 8, 2014, under the Visa Waiver Program. He sought asylum within a year of his arrival. The Department of Homeland Security ("DHS") placed him in asylum-only proceedings with the issuance of a Notice of Referral to Immigration Judge (Form I-863) on June 28, 2018.

In a hearing before the Immigration Judge, the applicant testified that he refused to serve in the Ukrainian military because of his religious beliefs as a member of the Russian Orthodox Christian Church. He claimed that he fears he will be persecuted on account of his religion and for being perceived as a military deserter.

The applicant testified that he was initially called into military service in 2007 and 2008. Upon his request, he was allowed to engage in alternative military service in communications. He stated that he was not required to partake in weapons training and was discharged as a private soldier without a rank after 1 year.

He further testified that he was recalled for military duty in August 2014 and again requested alternative service based on his religious views. As a result, military officers called him a deserter and beat him on two occasions. The applicant stated that the beating left him with post-contusion pneumonia, bruises to his chest, and internal bleeding, for which he received medical care. A day after beginning treatment, he traveled to Hungary, where he obtained a fraudulent passport. He returned to Ukraine the next day for more medical treatment. In September 2014, he filed a complaint against the officers but was then attacked and beaten on his way home.

The Immigration Judge denied the applicant's claim, finding that he was not credible, primarily because of inconsistencies in the record. The applicant challenges the adverse credibility determination, arguing that the Immigration Judge erred by not personally identifying the inconsistencies and giving him an opportunity to respond. He further argues that the DHS's questioning about the inconsistencies on cross-examination was insufficient to correct that error. We disagree and conclude that there is no clear error in either the Immigration Judge's consideration of the inconsistencies or his adverse credibility finding.

## II. ANALYSIS

This case addresses whether, if inconsistencies in the record are obvious or have previously been identified by the applicant or the DHS, an Immigration Judge is personally required to specify the discrepancies and solicit an explanation from the applicant prior to relying on them to make an adverse credibility finding.[1]

---

[1] We review findings of fact, including credibility determinations, under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i) (2019); *see also Wu Lin v. Lynch*, 813 F.3d 122, 126–27 (2d Cir. 2016) (discussing the meaning of "clear error" review); *Matter of A-B-*, 27 I&N Dec. 316, 341 (A.G. 2018) (stating that an Immigration Judge's factual findings in a credibility determination should be afforded "even greater deference" (citation

Under section 208(b)(1)(B)(iii) of the Act, an Immigration Judge may base a credibility finding on, among other factors, "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements." Thus, consideration of inconsistencies, whether occurring in testimony or between testimony and other evidence, is a fundamental component of an adverse credibility determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 77–79 (2d Cir. 2018); *Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012). An inconsistency need not go to the heart of the claim, and "an [Immigration Judge] may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Hong Fei Gao*, 891 F.3d. at 77 (quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam)).

We have held that an adverse credibility determination should not be based on inconsistencies that take an alien by surprise. *See, e.g.*, *Matter of B-Y-*, 25 I&N Dec. 236, 242 (BIA 2010). The circuit courts have agreed. *See, e.g.*, *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (stating that "an [Immigration Judge] cannot base an adverse credibility determination on a contradiction that the alien could reconcile if given a chance to do so").

The United States Court of Appeals for the Second Circuit, in whose jurisdiction this case arises, has explained that an applicant should have a meaningful opportunity to respond to an inconsistency that is not apparent before it is considered as part of an adverse credibility determination. *Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities in an asylum applicant's testimony are not plainly obvious, an [Immigration Judge] cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them."). This helps prevent an Immigration Judge from "prematurely decid[ing] that testimony is inconsistent when, in fact, the purported discrepancies readily admit of explanations which the [Immigration Judge] would find valid." *Id.* at 122.

It is also well established that an Immigration Judge is not required to adopt an applicant's explanation for an inconsistency if there are other permissible views of the evidence based on the record. *See Matter of D-R-*,

---

omitted)). Whether an Immigration Judge is personally required to identify and solicit an explanation for perceived inconsistencies is a question of law, which we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Ming Shi Xue v. BIA*, 439 F.3d 111, 119 (2d Cir. 2006) (discussing the Immigration Judge's duty to solicit an explanation for inconsistencies, which the court indicated is a "question of law" (citation omitted)).

25 I&N Dec. 445, 455 (BIA 2011) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.")), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646, 648 (9th Cir. 2015); *see also Kegeh v. Sessions*, 865 F.3d 990, 996 (8th Cir. 2017) ("[E]ven where an applicant's explanations are plausible, an agency is not required to accept the explanations if an alternative explanation is reasonable." (citation omitted)); *Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) ("If the [Immigration Judge] reasonably rejects the alien's explanation . . . , the [Immigration Judge] may properly rely on the inconsistency as support for an adverse credibility determination." (citations omitted)); *Weng v. Holder*, 593 F.3d 66, 72 (1st Cir. 2010) ("Even if the explanation for an inconsistency is on its face reasonable and consistent, that does not mean the explanation is true or that the [Immigration Judge] must accept it."); *Dankam v. Gonzales*, 495 F.3d 113, 122 (4th Cir. 2007) (permitting the Immigration Judge to reject the alien's plausible explanation for inconsistencies); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e do not require . . . that an [Immigration Judge] expressly parse or refute on the record each and every one of a petitioner's purported explanations for testimonial inconsistencies or evidentiary gaps."); *Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (stating that an applicant "must do more than offer a plausible explanation for his inconsistent statements to secure relief" (citation omitted)); *Shkabari v. Gonzales*, 427 F.3d 324, 330 (6th Cir. 2005) (stating that an alien's plausible explanation for an inconsistency will not overcome an adverse credibility finding if the Immigration Judge's contrary interpretation of the inconsistency is not unreasonable).

Any inconsistencies that an Immigration Judge relies upon must be "tethered to the evidentiary record." *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) (citation omitted). If the Immigration Judge does not find a proffered explanation for an inconsistency persuasive, he or she should state the reasons why on the record to allow for proper appellate review. But the Immigration Judge "need not engage in 'robotic incantations' to make clear that he has considered and rejected a petitioner's proffered explanation." *Ming Shi Xue*, 439 F.3d at 124 n.15 (citation omitted) (internal quotation mark omitted).

An applicant may be put on notice of inconsistencies in different ways, depending on the circumstances. When an inconsistency is obvious or apparent, it is not necessary to bring it to an applicant's attention. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). In such a case, "it can properly be assumed that the asylum applicant and his counsel are aware of [the inconsistencies]," and it is "the applicant's responsibility to proffer, with

or without prompting, an explanation for what appears on its face to be a clear contradiction." *Ming Shi Xue*, 439 F.3d at 121. Because the alien carries the burden of proof for relief under section 208(b)(1)(B) of the Act, it is incumbent upon him to directly raise and clarify information that is obviously inconsistent. An obvious inconsistency is one that is "sufficiently conspicuous . . . as to be self-evident." *Id.* at 114.

For example, where an alien's application stated that his home was ransacked by the opposition party while he was away, but he testified he was beaten by party members when he was at home, the Immigration Judge was not required to bring this obvious inconsistency to his attention. *Majidi*, 430 F.3d at 81 (discussing the alien's "dramatically different" accounts of an alleged incident). *Cf. Ming Shi Xue*, 439 F.3d at 114 (discussing an inconsistency that is not obvious); *Zhi Wei Pang v. Bureau of Citizenship and Immig. Servs.*, 448 F.3d 102, 109–10 (2d Cir. 2006) (same).

According to the applicant, an Immigration Judge must personally identify inconsistencies and give the alien a specific opportunity to explain them. We do not agree. Where an inconsistency is not obvious, the key consideration is whether it is reasonable to assume that the applicant was aware of it and had an opportunity to offer an explanation before the Immigration Judge relied on it.

An Immigration Judge may ask the applicant to respond to a perceived inconsistency, but that is not the only way to bring it to his attention. The Government may give the applicant an opportunity to respond through cross-examination. The applicant's representative may also decide to elicit testimony on direct examination, or on redirect to clarify inconsistencies that are brought out during the hearing, particularly if they are not obvious or apparent. *See, e.g.*, *Martinez v. Holder*, 734 F.3d 105, 112 (1st Cir. 2013) (noting that the applicant, who was represented by counsel, had "many missed opportunities" for clarification of his testimony). Although an Immigration Judge is not required to ask about obvious inconsistencies, there is nothing that precludes him or her from doing so for the sake of clarity and completeness of the record.

The applicant relies on certain passages in *Ming Shi Xue*, 439 F.3d at 127, where the Second Circuit makes reference to an Immigration Judge bringing a perceived discrepancy to the alien's attention. However, that decision held that the adverse credibility finding was inadequate because the Immigration Judge *or the DHS* "should have brought [the inconsistency] to the alien's attention to ensure that [he] had an opportunity to explain." *Id.* As the court stated, "Where an [Immigration Judge] identifies problems with an alien's testimony during the hearing itself, [he] should, before rendering his decision, ask about the perceived inconsistency *if the government has not*

*brought it to the applicant's attention during cross-examination.*" *Id*. at 125 n.19 (emphasis added).

We also recognize that the Ninth Circuit has held that an "[Immigration Judge] should give fair notice of inconsistencies in testimony or points on which the [Immigration Judge] thinks the witness is not being responsive." *Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014). However, the court has also stated that "the opportunity to explain may be provided through cross-examination by the government, or even direct examination by the alien's own attorney, not just through a colloquy between the alien and the [Immigration Judge]." *Rizk*, 629 F.3d at 1088 (citations omitted).

Importantly, "[an Immigration Judge's] responsibility to identify, in advance of judgment, perceived inconsistencies[] is not tantamount to a duty to assist the counseled asylum applicant in putting forward an affirmative asylum claim in the first place." *Ming Shi Xue*, 439 F.3d at 125 n.18. Immigration proceedings "are adversarial in nature [and] are designed to provide the parties with an opportunity to develop the record by presenting evidence and testimony before an Immigration Judge, who makes the necessary factual findings and legal conclusions based on the claims presented." *Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 190–91 (BIA 2018).

It is the applicant's burden to establish his persecution claim. Section 208(b)(1)(B)(iii) of the Act; *see also* section 240(c)(4)(A)(i) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i) (2012) (providing that an alien bears the burden to establish eligibility for relief from removal); *Almeida v. Holder*, 588 F.3d 778, 790 (2d Cir. 2009) (same). Whether the opportunity to respond to inconsistencies comes as a result of questions asked by the Immigration Judge or through direct or cross-examination by the parties is not dispositive. We conclude that when inconsistencies in the record are obvious or have previously been identified by the applicant or the DHS, an Immigration Judge is not personally required to specify the discrepancies and solicit an explanation from the applicant prior to relying on them in making an adverse credibility finding. *See Zhi Wei Pang*, 448 F.3d at 110 ("This requirement [to provide the alien with the opportunity to explain a perceived discrepancy] does not mean that the [Immigration Judge] must duplicate the questions of the government when the government has already noted testimonial flaws on cross-examination.").

There is no clear error in the Immigration Judge's adverse credibility finding.[2] The Immigration Judge gave specific and cogent reasons for his

---

[2] The Immigration Judge found that the testimony of the applicant's expert witness should be given minimal weight, primarily because the claims in his testimony and written report relating to the Ukrainian military, including his statement that the military decided to stop

adverse credibility determination, which included examples of significant internal inconsistencies in the applicant's testimony, inconsistencies and omissions between his testimony and the documentary evidence he submitted, and the implausibility of his testimony. *See* section 208(b)(1)(B)(iii) of the Act; *Matter of J-Y-C-*, 24 I&N Dec. 260, 266 (BIA 2007) (holding that the Immigration Judge properly considered the totality of the circumstances in finding that the applicant lacked credibility based on his demeanor, implausible testimony, lack of corroboration, and inconsistent statements).

The Immigration Judge found the applicant's testimony to be internally inconsistent and inconsistent with the documents he presented.[3] For instance, the applicant testified that he had received an alternative service accommodation in 2007 and 2008, and he ended his service with no rank, or a rank equivalent to a private. But his military identification showed that he had been promoted to "senior soldier" during that time. When the DHS attorney asked him to explain this inconsistency, the applicant stated he was unaware of the rank change. The Immigration Judge properly relied on this as an inconsistency between the applicant's testimony and his documentary evidence. *See Xiu Xia Lin*, 534 F.3d at 167. The applicant does not directly address this significant discrepancy on appeal.

The applicant also testified that after he was injured in August 2014, he obtained medical treatment in an outpatient clinic for 2 months, but he changed his testimony on cross-examination to state that he had only been treated for 5 weeks, ending in September 2014. The applicant's medical document states that the applicant was treated until October 3, 2014. When the DHS attorney asked him to explain this inconsistency, the applicant testified that this was the length of time recommended for treatment, but he ended treatment early.

The applicant attempts to explain this discrepancy on appeal by stating that the doctor occasionally came to his home to treat him during the time period covered by the medical document. However, this differs from the explanation the applicant proffered to the Immigration Judge. Because our appellate review is limited to the record below, we do not consider explanations for inconsistencies offered for the first time on appeal. *See Matter of F-P-R-*, 24 I&N Dec. 681, 682 n.1 (BIA 2008). Given these

---

providing for alternative military service, were not supported by citations to any authority. The applicant has not challenged this determination on appeal, and we consider the issue to be waived. *See Matter of R-A-M-*, 25 I&N Dec. 657, 658 n.2 (BIA 2012).

[3] The applicant complains that the Immigration Judge did not cite to his testimony. The Immigration Judge issued a detailed written decision that made specific references to the applicant's testimony and the evidentiary record. He could not cite to a transcript because a transcript is only generated after an appeal is filed.

discrepancies in the record, we conclude that the Immigration Judge properly gave the applicant's medical document minimal weight. *See Xiao Ji Chen*, 471 F.3d at 342 (stating that the weight to be accorded to documentary evidence lies largely within the Immigration Judge's discretion).

The Immigration Judge found that the applicant's credibility was further undermined by the fact that his written statement failed to mention his travel to Hungary, which allegedly occurred only a day or two after he suffered extensive injuries. He also did not testify on direct examination that he went to Hungary to obtain a false passport, which he only acknowledged on cross-examination by the DHS. The applicant's explanation for the absence of this information was vague. Although he suggested that his prior attorney may have been to blame for the omission, the statement was resubmitted with his current attorney, and the applicant had reviewed it. Additionally, the applicant provided no explanation for how an Interpol warrant was issued against him.

The Immigration Judge properly relied on these implausible aspects of the applicant's claim as support for the adverse credibility finding. *See* section 208(b)(1)(B)(iii) of the Act; *Santashbekov v. Lynch*, 834 F.3d 836, 839 (7th Cir. 2016) ("Immigration authorities may discredit testimony for lack of 'inherent plausibility.'" (citation omitted)); *Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (per curiam) (stating that "in assessing the credibility of an asylum applicant's testimony, an [Immigration Judge] is entitled to consider whether the applicant's story is inherently implausible").

The applicant argues that, assuming there are inconsistencies in the record, they are minor and not relevant to his claim of persecution. We disagree. The Immigration Judge observed that the applicant could not explain his prior military history, which was central to his claim; his trip to Hungary to secure the passport he used to enter the United States; or his medical claims, which were key to his claim of past harm. These are not "trivial differences in word choices alone." *Gurung*, 929 F.3d at 61. In any case, even minor inconsistencies may be considered as part of an adverse credibility determination under the totality of the circumstances. *See Hong Fei Gao*, 891 F.3d. at 77.

The Immigration Judge also found that the applicant did not provide sufficient corroborating evidence to overcome his lack of credibility. *See* section 208(b)(1)(B)(ii) of the Act; *Matter of L-A-C-*, 26 I&N Dec. 516, 518–19 (BIA 2015) (stating that "regardless of whether an applicant is deemed credible, he has the burden to corroborate the material elements of the claim where the evidence is reasonably obtainable"); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The Immigration Judge determined that the applicant did not provide reasonable documentation of his claimed church attendance in Ukraine, his prior grant of an alternative

service accommodation, or his filing of a complaint alleging that he was beaten by military officers. The applicant was given an opportunity to explain the lack of corroboration, but the Immigration Judge did not find his explanations to be persuasive. *See Matter of L-A-C-*, 26 I&N Dec. at 521–22.

The Immigration Judge's adverse credibility finding is not clearly erroneous under the standards set forth in section 208(b)(1)(B)(iii) of the Act. Since the finding related to both the applicant's claims of past persecution and fear of future harm, his testimony was not sufficient to establish eligibility for relief, and he has not otherwise met his burden to prove eligibility for asylum or withholding of removal. *See Matter of M-S-*, 21 I&N Dec. 125, 129 (BIA 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief."); 8 C.F.R. §§ 1208.13(a), 1208.16(b) (2019).

The Immigration Judge also properly concluded that the applicant's incredible testimony was insufficient to establish his eligibility for protection under the Convention Against Torture. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the [Convention Against Torture], an adverse credibility determination forecloses all three forms of relief." (citing *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006))). We agree with the Immigration Judge that the applicant provided insufficient corroborating evidence to independently meet this high burden of proof and that he therefore has not established his eligibility for protection under the Convention Against Torture. Accordingly, the applicant's appeal will be dismissed.

**ORDER:** The appeal is dismissed.