# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2022

Lyle W. Cayce
Clerk

No. 21-60331
Summary Calendar

Benedict Agborgotoh Eyong,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 327 821

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Benedict Agborgotoh Eyong, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was not entitled to asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relief under the Convention Against Torture (CAT). He challenges the BIA's ruling upholding the IJ's finding that he was not credible. The BIA relied on the IJ's "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "The factfinder may rely on any inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). Although Eyong presents explanations for the inconsistences and omissions, the BIA was not required to accept them. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438-39 (5th Cir. 2020). Contrary to Eyong's assertions, the IJ was not required to provide him with an opportunity to explain discrepancies, given that the inconsistencies were plainly obvious in the record. *See Matter of Y-I-M-*, 27 I. & N. Dec. 724, 726-29 (BIA 2019).

In addition, Eyong alleges that his due process rights were violated during the agency proceedings. He is incorrect in his assertions. The BIA and IJ were entitled to consider his interview with a Border Patrol agent and his credible fear interview in determining whether Eyong was credible. *See Avelar-Oliva*, 954 F.3d at 765. Eyong makes no showing of substantial prejudice with regard to the IJ's denial of his request for telephonic testimony. *See Santos-Alvarado*, 967 F.3d at 439. The IJ was authorized to pose questions to Eyong, and he cites to no authority for the proposition that an IJ abuses his or her discretion by asking more questions than the attorneys. *See* 8 U.S.C. § 1229a(b)(1). He has not established that any of the alleged errors resulted in prejudice. *See Santos-Alvarado*, 967 F.3d at 439.

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Eyong is incorrect in his assertion that the BIA and IJ ignored his

country conditions evidence.    As to the denial of CAT relief, the BIA's adverse credibility determination, combined with a finding that Eyong had not presented adequate documentary evidence to independently establish eligibility for relief, is supported by substantial evidence. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *cf. Arulnanthy v. Garland*, 17 F.4th 586, 591-92, 597-99 (5th Cir. 2021).    Accordingly, the BIA was not required to consider the IJ's alternative ruling that Eyong was not entitled to relief on the merits of his immigration claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).    Because the BIA did not address the remaining arguments raised by Eyong, we do not address them. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Accordingly, the petition for review is DENIED.