NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZAHID HUSSAIN, | No. 17-73072 |
| Petitioner, | Agency No. A208-924-883 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2023
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Zahid Hussain ("Petitioner"), a native and citizen of Pakistan, seeks review

of a decision of the Board of Immigration Appeals ("BIA") affirming the denial by

an immigration judge ("IJ") of his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Where, as here, the BIA adopts the IJ decision in full, provides its own analysis of the evidence and relevant law, and cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both the BIA and IJ decisions. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We review the Agency's factual findings, including credibility determinations, for substantial evidence. *See Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence does not support the Agency's adverse credibility determination. The Agency is required to assess credibility based on "all relevant factors" and "the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); *see also id.* § 1129a(c)(4)(C) (withholding). As such, "the agency cannot be selective in its evaluation of credibility; the agency's analysis must be reasonable as a whole." *Jin v. Holder*, 748 F.3d 959, 964–65 (9th Cir. 2014). Moreover, "our review will always require assessing the totality of the circumstances" to determine whether to "sustain[] or reject[] an adverse credibility determination." *Alam v. Garland,* 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

To start, substantial evidence does not support the Agency's finding of an inconsistency, omission, or instance of vagueness in the following instances. Petitioner's testimony about his injuries and treatment was not inconsistent with a

2

doctor's note, *see Bhattarai v. Lynch*, 835 F.3d 1037, 1044–45 (9th Cir. 2016); he was also not inconsistent about how he was threatened in June 2013, about his participation in the May 2014 protest, or about where he was treated in October 2014. Finally, Petitioner was not vague or evasive about how he obtained food in the aftermath of the October 2014 protest. *See Iman v. Barr*, 972 F.3d 1058, 1066 (9th Cir. 2020).

Next, the Agency failed to address Petitioner's "plausible and reasonable" explanations for two alleged inconsistencies related to the October 2014 protest. *Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014) (quoting *Chen v. I.N.S.*, 266 F.3d 1094, 1100 (9th Cir. 2001)). First, Petitioner plausibly reconciled the alleged discrepancy between the police description of the protest and his own testimony by explaining that the Pakistani government was creating a pretext for his arrest and post hoc justification for their violence. Second, Petitioner reasonably explained that there was no difference between his testimony that "during the demonstration we had a street fight" with police and the statement on the doctor's note that he received injuries from a "street fight." Because the Agency did not address these explanations, it could not "rely on [them] to make an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022)**.**

Finally, the Agency failed to ensure that Petitioner was provided notice and opportunity to explain the remaining bases for its adverse credibility finding. It is

3

well-established in our caselaw that "the IJ must provide the noncitizen with an opportunity to explain each inconsistency," *id.* at 1143, any "perceived implausibility," *Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021), and all "points on which the IJ thinks the witness is not being responsive." *Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014). This notice and opportunity to explain requirement is rooted both in the statutory command that the Agency make its determinations based on the totality of the circumstances, *see Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), and the due process minimums necessary to ensure a full and fair hearing. *See Ren v. Holder*, 648 F.3d 1079, 1092 & n.14 (9th Cir. 2011). Notably, the BIA has itself adopted a rule consistent with ours. *See Matter of Y-I-M-*, 27 I. & N. Dec. 724, 726 (BIA 2019) (citing *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)). Because Petitioner was not provided notice and an opportunity to explain the remaining bases of the adverse credibility determination, it was error for the Agency to rely on them.

2. The Agency could not rely on Petitioner's alleged lack of corroborating evidence in denying his asylum and withholding claims. When, as here, the Agency's adverse credibility determination is not supported by substantial evidence and the lack of corroboration is provided as a basis for denial, we must determine whether the IJ provided "an applicant notice of what evidence would suffice" to meet his burden. *Bhattarai*, 835 F.3d at 1043. Here, as the

4

Government acknowledged at oral argument, the IJ failed to put Petitioner on notice.

3. In addition to relying on the adverse credibility determination, the Agency also rejected Petitioner's CAT claim based on evidence in the record describing conditions in Pakistan. When evaluating a CAT claim, the Agency "*must* consider 'all evidence relevant to the possibility of future torture,' including country conditions evidence." *Bhattarai*, 835 F.3d at 1047 (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001)). An IJ's "extreme selectivity" in analyzing such evidence can indicate that it failed to sufficiently consider it. *Davila v. Barr*, 968 F.3d 1136, 1143 (9th Cir. 2020). Here, the IJ all but ignored a detailed report on "Human Rights Violations in Kashmir" that explained that "torture is routinely used in" Petitioner's home state, that Petitioner's political party is a target of torture, and that, consistent with Petitioner's testimony, torture is often jointly carried out by local police, the army, and Pakistani intelligence. This was error.

4. Given the Agency's errors in both its adverse credibility determination and analysis of country conditions evidence, "[w]e . . . remand on an open record for further proceedings in accordance with this opinion." *Perez-Arceo v. Lynch*, 821 F.3d 1178, 1187 (9th Cir. 2016).

**PETITION GRANTED.**

5