Ouattara v. Garland

BIA
Sponzo, IJ
A206 298 274

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand twenty-three.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
RICHARD C. WESLEY,
EUNICE C. LEE,
*Circuit Judges.*

_____

DAOUDA OUATTARA,
*Petitioner,*

v.                                                      21-6083
                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:                 Gary J. Yerman, Esq., New York,
                                NY.

**FOR RESPONDENT:**               Brian Boynton, Acting Assistant
                                  Attorney General; Paul Fiorino,
                                  Senior Litigation Counsel; Kevin
                                  J. Conway, Trial Attorney, Office
                                  of Immigration Litigation, United
                                  States Department of Justice,
                                  Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Daouda Ouattara, a native and citizen of the Cote d'Ivoire, seeks review of a January 28, 2021 decision of the BIA affirming a September 4, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daouda Ouattara,* No. A 206 298 274 (B.I.A. Jan. 28, 2021), *aff'g* No. A 206 298 274 (Immigr. Ct. N.Y.C. Sept. 4, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

We have reviewed the IJ's decision as modified by the BIA—*i.e.,* minus the firm resettlement finding that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.,* 426 F.3d 520, 522 (2d Cir. 2005) ("[W]e review the judgment

2

of the IJ as modified by the BIA's decision——that is, minus the single argument for denying relief that was rejected by the BIA."). We review factual findings for substantial evidence and questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

## I. Asylum and Withholding of Removal Claims

An asylum applicant must establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). "Claims for withholding of removal under the INA are closely related to asylum," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), but the Attorney General must grant withholding of removal if the applicant establishes that it is more likely than not that his "life or freedom would be threatened in [the] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A). Here, the agency determined that Ouattara

3

had established past persecution based on his membership in "the Dyula ethnic tribe." CAR at 34, 54.

Ouattara testified at his removal hearing and submitted letters from his mother and sister, as well as country conditions evidence. Ouattara's evidence indicated that in 2002 a group of armed civilians and uniformed men broke into his home, beat him unconscious, and raped his sister and sister-in-law. The men abducted Ouattara, along with his brothers and father, to a camp where they suffered repeated beatings, shocking with electric batons, and other forms of violence. Shortly after being released from the camp, Ouattara's father died from the abuse. Following his father's death, a group of military personnel and civilians attacked and burned Ouattara's home, took him to the camp again, and subjected him to further abuse for three days.

The IJ credited Ouattara's testimony and other evidence, finding that he had established past persecution and was therefore entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The government could rebut that presumption by establishing by a preponderance of the evidence that "[t]here has been a

4

fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Id.* § 1208.13(b)(1)(i), (ii); *see also Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 399 (2d Cir. 2005). In determining whether the government has met its burden, the IJ must conduct "an individualized analysis of whether the changes in conditions in the relevant country were so fundamental that they are sufficient to rebut the presumption." *Lecaj*, 616 F.3d at 115 (alterations adopted; internal quotation marks omitted). And the IJ should consider "how [the] changed conditions would affect the specific petitioner's situation." *Id.* (internal quotation marks omitted). Notably, DHS submitted no evidence before the IJ.

Nevertheless, the IJ denied all relief. *See* CAR at 30. The BIA, in affirming, described the IJ as holding "that the DHS carried its burden to rebut the presumption of a well-founded fear . . . . Specifically, the Immigration Judge found that the DHS established that there has been a fundamental change in circumstances . . . ." CAR at 3. We conclude that the BIA erred in affirming because the IJ improperly shifted

5

the burden of proof to Ouattara and failed to analyze whether the government had met its burden to rebut the presumption of a well-founded fear of future persecution.

Here, the agency first erred by incorrectly shifting the burden of proof to Ouattara to show a fundamental change in circumstances. Contrary to the description by the BIA, the IJ's decision did not hold "that DHS carried its burden," but instead held only that "respondent's otherwise presumed well-founded fear of future persecution is rebutted," without ever mentioning DHS. CAR at 28. That the IJ in fact incorrectly placed the burden of proof squarely on Ouattara is indicated by the IJ's repeated references to the absence of affirmative proof from Ouattara that he faced a future threat, rather than to evidence from the government rebutting the presumption that he did. *See* CAR at 29–30 (reasoning that the record "is devoid of sufficient evidence of a threat to respondent since his departure from Cote d'Ivoire in 2002," and "lacks sufficient evidence establishing the objective reasonableness of a fear of future persecution").

Because Ouattara was entitled to a presumption of a well-founded fear of future persecution, the appropriate inquiry

6

was not whether he had made an affirmative showing of fundamentally unchanged country conditions. *See id.* Rather, at this stage, "[t]he burden rest[ed] firmly with the government," *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010), to show by a *preponderance of the evidence* that "[t]here has been a *fundamental change in circumstances* such that the applicant no longer has a well-founded fear of persecution," 8 C.F.R. § 1208.13(b)(1)(i), (ii) (emphasis added).

While DHS was not necessarily required to present evidence to meet its burden of showing a fundamental change, the IJ's *sua sponte* finding of changed circumstances was not otherwise "supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir. 2007) (internal quotation marks and citation omitted). "[W]here facts important to an ultimate agency conclusion have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred." *Acharya v. Holder*, 761 F.3d 289, 300 (2d Cir. 2014) (internal quotation marks and citation omitted). As to at least three material aspects of the record, the IJ seriously mischaracterized or

overlooked Ouattara's evidence—the only evidence in the record—in concluding that the presumption of future persecution had been rebutted.

First, in noting that Ouattara "testified that conditions are 'a little bit better in Cote d'Ivoire' today," CAR at 29, the IJ mischaracterized Ouattara's testimony as suggesting he did not fear future persecution.  In fact, when asked whether the 2011 election made things better for his tribal group, Ouattara responded "[t]here is still the xenophobia problem.  Even though Alassane is in power . . . . It got a little better *but it continued*.  Because they are still the arms that are circulating in the hands of the young people."  CAR at 86-87 (emphasis added).  At most, Ouattara's testimony, which noted a continuing threat, suggested a reduction of abuse, but "[t]he [agency] apparently did not fully perceive the significant distinction between a *drop* in abuses and an *end* to abuses."  *Tambadou v. Gonzales*, 446 F.3d 298, 304 (2d Cir. 2006) (emphases added).

The IJ compounded this specific error by overlooking other aspects of Ouattara's testimony.  For example, Ouattara testified that he fears persecution on account of his

8

ethnicity by armed civilians and uniformed men—similar to the mobs that beat him unconscious, raped his family members, and burned down his farm—who continue to operate with impunity despite the change in government.[1] CAR at 57–58, 61, 68, 214–15. The IJ utterly failed to address these facts, stating simply that the "[c]urrent president is supportive of respondent's particular ethnic group." CAR at 29.

Second, the IJ mischaracterized Ouattara's family letters, inaccurately asserting that neither letter makes any mention of a present threat of persecution. But Ouattara's mother wrote that Cote d'Ivoire had many areas that remained dangerous and outside government protection, which she described as a "*precarious* peace." CAR at 29, 137 (emphasis added). His sister's letter likewise noted that the people of Cote d'Ivoire suffer from "arbitrary arrests" and highlighted that the government lacks "total control" over public security. CAR at 146. Contrary to the IJ's characterization, a reasonable factfinder would be compelled to view these letters—which, after detailing past

---

[1] This was not a newly identified fear: Ouattara made a similar statement in his written application for asylum. *See* CAR at 215.

persecution, refer to an ongoing and precarious security situation despite a change in government—as at least making "mention of a present threat [of persecution]." CAR at 29. And, on any fair reading, the letters do not provide affirmative support for the conclusion that "[t]here has been a *fundamental* change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A) (emphasis added).

The IJ further misconstrued Ouattara's sister's letter as supporting changed conditions based on the fact that she "remain[ed] without incident in Cote d'Ivoire" since being "attacked in 2002," and the letter did not specifically mention further incidents. CAR at 29. An inference of changed conditions based on this silence, however, cannot satisfy the DHS's burden to overcome the presumption of future persecution. First, not only does the sister's own suffering since 2002 have little or no bearing in the circumstances of this case on whether Ouattara himself faces a present threat of persecution, the absence of any explicit mention of a present threat in her letter should not have been held against Ouattara without giving him a chance to respond. *See Cao He*

10

*Lin*, 428 F.3d at 394–95 (holding that, even where an applicant is not entitled to the presumption, "if [an IJ] intends to rely on the absence of certain corroborative evidence to hold that an applicant has not satisfied his burden of proof, [the IJ] must give the applicant an opportunity to explain its absence").

Third and finally, the IJ's decision did not explicitly discuss any of the country conditions reports in the record. These reports uniformly support the existence of a well-founded fear of future persecution. The IJ merely stated that the "[c]urrent president is supportive of respondent's particular ethnic group." CAR at 29. But "the mere fact that . . . the former dictator was replaced . . . [is] insufficient to show changed country circumstances" where the election and post-election period have been suffused with violence, impunity, arbitrary detention, and unlawful killings. *Baba v. Holder*, 569 F.3d 79, 87 (2d Cir. 2009).

In denying Ouattara's asylum and withholding claims, the IJ incorrectly shifted the burden of proof and mischaracterized or overlooked Ouattara's evidence. For these reasons, we vacate the BIA's ruling affirming the denial

11

of Ouattara's petition for asylum and withholding of removal. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

**II.  CAT Claim**

The BIA did not err in finding that Ouattara waived his CAT claim because it may deem an issue waived where the applicant fails to assert a meaningful challenge on appeal. *See Matter of Y–I–M–*, 27 I. & N. Dec. 724, 729 n.2 (B.I.A. 2019), *vacated on other grounds by Malets v. Garland*, 66 F.4th 49 (2d Cir. 2023); *Matter of R–A–M–*, 25 I. & N. Dec. 657, 658 n.2 (B.I.A. 2012).  A party does not raise a meaningful challenge when it "devotes only a single conclusory sentence to the argument . . . ." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).  The BIA did not err in finding that Ouattara waived his CAT claim because his argument consisted of a single sentence challenging an adverse credibility determination that the IJ did not make.

<pre>          *                 *                 *</pre>

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court