NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



QINGXIN QIU,

        Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

        Respondent.

No. 25-3393

Agency No.
A206-532-714

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

    Qingxin Qiu, a native and citizen of China, seeks review of the Board of

Immigration Appeals' (BIA's) decision dismissing his appeal. The Immigration

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge (IJ) denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ determined that Petitioner was not credible and therefore denied the petition. The BIA upheld the IJ's adverse credibility determination. We review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Id.* at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii) (REAL ID Act)). Relevant factors include, among other things, implausibility and internal inconsistency. *See id*. at 1039-40. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination. The BIA pointed to several inconsistencies and omissions underlying the IJ's decision: Petitioner's omission of key details and allegations in earlier proceedings; inconsistencies surrounding the timeline of events related to Petitioner's allegations; implausibilities related to Petitioner's ability to receive official documents after having fled China and being subjected to surveillance; and apparent errors on Petitioner's children's birth certificates that raised concerns about their authenticity.

These findings constitute substantial evidence because (i) these reasons are "specific and cogent," (ii) the BIA explained why each reason undermined Petitioner's credibility, and (iii) the BIA considered Petitioner's explanations for

each reason. *Id.* at 1044 (citation omitted). Based on the totality of the circumstances, these findings are sufficient to support an adverse credibility finding. *See Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir.1998) ("[W]e may not reweigh the evidence . . . We merely determine whether the evidence *compels* [] a [contrary] conclusion.") (emphasis in original).

Petitioner argues that substantial evidence does not support the adverse credibility finding for three reasons. First, Petitioner contends that the IJ did not give him an opportunity to address certain findings during the hearing. But the BIA explicitly stated that its decision did not rest on those specific reasons, and thus they are not relevant to our analysis. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (Our review "is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.") (quoting *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir. 2000)).[2]

Second, Petitioner argues that the BIA erred in relying on his omission of

---

[2] The BIA did, however, rely on one inconsistency that the IJ did not give Petitioner an opportunity to address: two of his children's birth certificates provided different dates of birth for Petitioner. The BIA stated that the IJ was not required to ask Petitioner about the inconsistency between the birth certificates because the error was obvious. *See Matter of Y-1-M-*, 27 I&N Dec. 724, 727-28 (BIA 2019) (not requiring an IJ to ask Petitioner about inconsistency because the error was apparent). If it was error for the BIA to rely on this inconsistency, this error was harmless because, even disregarding this inconsistency, the BIA's adverse credibility finding is supported by substantial evidence.

certain details. He contends that the mere omission of details (such as not mentioning China's one-child policy as his reason for fleeing China) is insufficient to substantiate an adverse credibility finding. Additionally, he argues that it was improper for the IJ to reject his explanation that he did not want to write too long of a statement and did not know that the one-child policy could constitute persecution. The IJ rejected those explanations because Petitioner had counsel during his proceedings, but Petitioner contends it was error because the IJ never verified that he did in fact have counsel throughout the proceedings.

Petitioner's new allegations of persecution under China's one-child policy and details regarding the severity of his treatment while detained portray "a much different—and more compelling—story of persecution," and therefore can form the basis of an adverse credibility determination. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Further, the IJ was not required to accept Petitioner's explanations for his omissions, nor was the IJ required to ask follow-up questions. All she was required to do was consider the explanations, which she did. *See Shrestha*, 590 F.3d at 1044; *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (explaining that the IJ does not "have to engage in multiple iterations of the opportunity to explain"). And Petitioner has not denied that he was represented by counsel or allege that his counsel failed to adequately represent him.

Third and finally, Petitioner contends that the IJ erred when she rejected his

explanation as to how he was able to receive documents such as a Register Card of Permanent Residence after he had fled China. Petitioner's explanation before the IJ was that he did not know how he was able to get the documents, and, for the first time on appeal to the BIA, he argued that he had family in China who got the documents for him. The IJ was not required to accept a non-responsive explanation from Petitioner. While the IJ must consider explanations, an IJ is not compelled to accept an explanation—even a reasonable one. *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).[3]

Without credible testimony, it was appropriate for the agency to conclude that Petitioner failed to establish eligibility for asylum or withholding of removal. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021), *abrogated on other grounds by Loper Bright Enters. v. Raimondo,* 603 U.S. 369 (2024) (A failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily means an applicant cannot demonstrate eligibility for withholding of removal).

Substantial evidence also supports the conclusion that Petitioner's corroborating evidence was insufficient to rehabilitate his testimony. The BIA explained that several of Petitioner's documents showed inconsistencies which raised doubts about their authenticity. Petitioner testified that he did not know why

---

[3]   Petitioner also makes multiple additional arguments attacking reasons underlying the IJ's decision that the BIA did not address. But because the BIA did not rely on these bases, we need not address them. *See Hosseini*, 471 F.3d at 957.

there were errors and that he could not explain why the government entities made errors on the documents. The BIA agreed with the IJ that this unresponsiveness did not adequately explain the inconsistencies.

Petitioner contends that government errors should not be held against him. He cites no authority for that proposition, nor does he provide any evidence to support his supposition that the government made those errors. Further, it was not error for the IJ to not grant full evidentiary weight to declarations submitted by Petitioner's spouse and his former village committee. Although the IJ did not request that the declarants be made available for cross-examination, the IJ "was not required to give [Petitioner] notice and an opportunity to provide additional corroborating evidence because substantial evidence supports the adverse credibility determination." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (citation and internal quotation marks omitted).

Finally, substantial evidence supports the agency's denial of CAT protection. An adverse credibility determination is sufficient to deny CAT protection when the claim is based on the same facts already found noncredible. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Here, the CAT claim rests on the same facts underlying the withholding and asylum claims and therefore is denied because Petitioner was not found to be credible.

25-3393

**PETITION DENIED.**[4]

---

[4] The motion to stay removal (Dkt. 3) is denied.